Nedder v. Rivier College                    CV-95-116-SD 05/22/97   P

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE


<u>Mary Nedder</u>

    v.                                    Civil No. 95-116-SD

<u>Rivier College</u>


### O R D E R


The extensive trial of this employment discrimination case[1] culminated on May 5, 1997, when the jury returned verdicts in favor of the plaintiff.  Before the court at this juncture are issues raised by certain post-trial proceedings.


## 1.  Background

Plaintiff Mary Nedder was at times relative to these proceedings employed by defendant Rivier College as an assistant professor of religious studies.  Afflicted by morbid obesity, she contended that such condition comprised a disability causative of the nonrenewal of her teaching contract.  Accordingly, she brought suit pursuant to the Americans with Disabilities Act

---

[1]See <u>Nedder v. Rivier College</u>, 908 F. Supp. 66 (D.N.H. 1995) (denying plaintiff the injunctive relief of reinstatement); <u>Nedder v. Rivier College</u>, 944 F. Supp. 111 (D.N.H. 1996) (ruling on defendant's motion for summary judgment; reducing claims to perceived disability under the ADA and the breach of contract claim).

(ADA), 42 U.S.C. § 12101, <u>et seq.</u>, and alleged a right of recovery under other legal theories, including breach of contract.

Rulings of the court prior to trial (<u>supra</u> note 1) reduced plaintiff's claims to the perception of disability under ADA, 42 U.S.C. § 10102(2)(C), and breach of contract. The court reserved for its own decision the issue of whether, if plaintiff recovered, she would be entitled to the equitable remedy of reinstatement.

The jury returned a verdict on the ADA claim of $68,974, and also awarded plaintiff $137,500 on the breach of contract claim. Perceiving possible inconsistencies in the jury verdicts, and desirous of input from counsel on the issue of reinstatement, the court directed counsel to file legal memos concerning such issues. Such memos have now been received and reviewed.

## 2. Discussion

### a. Reinstatement

A plaintiff who has been the victim of discrimination is entitled to be made whole through the use of equitable remedies. <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 418 (1975). Accordingly, "the first choice is to reinstate the plaintiff at the original employer; this accomplishes the dual goals of

2

providing full coverage for the plaintiff and of deterring such conduct by employers in the future." Selgas v. American Airlines, Inc., 104 F.3d 9, 12 (1st Cir. 1997) (citation omitted). Where, however, the reinstatement remedy is not available, front pay is the alternative. Id. (citations omitted). But the remedies of front pay and reinstatement are not mutually exclusive. Id. at 13. The limitation is that duplicative damages are to be avoided and "duplication most commonly would be avoided by denying front pay when an immediate reinstatement is ordered." Id.

The thrust of defendant's argument against reinstatement is that, although rejected by the jury, its evidence that plaintiff's teaching contract was nonrenewed because of failure of the Pastoral Certificate Program and increasing concerns about plaintiff's qualifications demonstrate that it would have taken the same action in the absence of discrimination.[2] This evidence, says defendant, deprives the plaintiff of entitlement to reinstatement. The court disagrees.

Once the college has been found to have impermissibly discriminated in making an employment decision, its prerogative

---

[2]Defendant also argues that ongoing administrative and personnel issues may well require further intervention by the court if reinstatement is directed. Unfortunately, these are duties courts must assume as a result of the congressional direction that they rule concerning discrimination in employment.

to make such employment decisions must be subordinated to the goals of the relevant discrimination statute.  Brown v. Trustees of Boston Univ., 891 F.2d 337, 359, reh'g denied (1st Cir. 1989), cert. denied, 496 U.S. 937 (1990) (awarding tenure under Title VII to professor against whom defendant university was found to have discriminated).  Although courts are understandably hesitant to interfere with a college's independent judgment in choosing its faculty, they will respect such judgment only so long as the college does not discriminate.  Id. at 360.

Having succeeded in her claim of discrimination under the ADA, plaintiff is here entitled to the "make whole" remedy provided by that statute.  Id.  Accordingly, the court herewith orders that the defendant Rivier College expeditiously reinstate plaintiff as a fourth-year, full-time faculty member of its Religious Studies Department.

### b.  The Verdicts

The jury was instructed that plaintiff's damages under the ADA would include back pay and benefits, less the amount plaintiff had earned since the nonrenewal of her teaching contract, together with compensatory damages to include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.  With reference to the

4

breach of contract claim, the jury was instructed that plaintiff would be entitled to the benefit of her bargain with defendant, to include loss of pay and benefits from her contractual relations with the college. The jury was not instructed on the issue of front pay.[3]

The verdicts as returned suggest a reversal of the awards in that the ADA award of $68,974 approximated two years' loss of pay and benefits, less mitigated damages. This was the amount to which plaintiff would probably have been entitled under her breach of contract claim.

On the other hand, the breach of contract award was a much larger amount of $137,500, which would indicate that the jury included in this award the compensatory damage items as to which the court had given instructions.[4]

The court finds that, in any event, the awards are duplicative and that plaintiff is entitled only to the larger award of $137,500. Although defendant suggests that plaintiff

---

[3]Plaintiff did not choose to present evidence as to what would have been the future pay and benefits of members of the defendant's faculty. Presumably, such pay and benefits would increase yearly by some amount to account for inflationary pressures.

[4]Defendant makes the quantum leap that the $137,500 verdict must necessarily have included an award for front pay. In light of the instructions in this regard, which omitted front pay, the court finds that this argument is unpersuasive.

may not receive money damages if she is reinstated, as the court has pointed out, even an award of front pay will not be barred by reinstatement. Accordingly, when final judgment is entered,[5] the monetary award to plaintiff will be limited to the sum of $137,500.

## 3. Conclusion

For the reasons outlined, the court finds that plaintiff is entitled to and herewith orders her expeditious reinstatement as a fourth-year, full-time faculty member of Rivier College in its Department of Religious Studies. When judgment is finally entered, the court further orders that the monetary amount of such judgment be limited to the sum of $137,500.

There remains the issue of attorney's fees, and in that respect plaintiff's counsel is directed to file within ten days of the date of receipt of this order its motion for such fees, supported by the requisite contemporaneous time records and affidavits. Defendant's counsel shall file its response thereto within ten days of receipt of the filings of plaintiff's counsel. When the court has received these documents, it will attempt to expeditiously rule on the attorney's fees, following which

---

[5]The court has directed that the entry of judgment be deferred pursuant to Rule 58, Fed. R. Civ. P.

judgment will be entered so the parties may exercise their appellate rights.

  **SO ORDERED.**

           _____
           Shane Devine, Senior Judge
           United States District Court

May 22, 1997

cc:  Paul McEachern, Esq.
    Daniel P. Schwarz, Esq.